IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES R. POPE,
     Petitioner,

v.                           Case No.  3:09cv261/MCR/CJK

KENNETH S. TUCKER,[1]
     Respondent.

_____

ORDER and
<u>REPORT AND RECOMMENDATION</u>

     Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent filed an answer, submitting relevant portions of the state court record.  (Docs. 18, 20).  Petitioner replied.  (Doc. 24).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the Court show that petitioner is not entitled to federal habeas relief, and that the petition should be denied.

_____

[1]Kenneth S. Tucker succeeded Edwin G. Buss and Walter A. McNeil as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent.  Fed.R.Civ.P. 25(d).

BACKGROUND AND PROCEDURAL HISTORY

Following a bench trial on February 4, 2005,[2] petitioner was found guilty of Trafficking in Cocaine (28 grams or more, but less than 200 grams) as charged, in the Circuit Court of Escambia County, Florida, Case Number 03-5974.  (Doc. 20, Ex. B, p. 115; Ex. C).[3]  Petitioner was adjudicated guilty and sentenced on April 18, 2005, to eight and one-half years' imprisonment.  (Ex. B, pp. 228-33).  Petitioner appealed, raising two issues:  (1) the trial court erred by rendering its verdict in petitioner's absence, and (2) the trial court erred during the *Nelson* inquiry by failing to properly inform petitioner regarding his option of hiring a different defense attorney.  (Ex. E). The Florida First District Court of Appeal ("First DCA") per curiam affirmed on September 29, 2006, without written opinion.  *Pope v. State*, 941 So.2d 371 (Fla. 1st DCA 2006) (Table) (copy at Ex. H).

On April 3, 2007, petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, raising eight grounds of ineffective assistance of trial counsel.  (Ex. J, pp. 1-26).  The trial court denied relief without an evidentiary hearing.  (*Id*., pp. 27-125).  The First DCA per curiam affirmed without written opinion.  *Pope v. State*, 973 So.2d 1130 (Fla. 1st DCA 2008) (Table) (Ex. M). The mandate issued March 3, 2008.  (Ex. N).

On July 23, 2008, petitioner filed a state habeas petition in the First DCA, raising four grounds of ineffective assistance of appellate counsel.  (Ex. O).  The First DCA denied the petition on the merits on August 13, 2008.  *Pope v. State*, 988 So.2d 1198 (Fla. 1st DCA 2008) (copy at Ex. Q).

---

[2]Petitioner waived his right to a jury trial.  (Doc. 20, Ex. B, pp. 107, 112).

[3]Hereafter, all references to exhibits are to those provided at Doc. 20, unless otherwise noted.

On October 16, 2008, petitioner filed another Rule 3.850 motion. (Ex. R, pp. 1-12). The trial court dismissed the motion with prejudice as successive. (*Id*., pp. 13-34). On May 14, 2009, the First DCA affirmed without written opinion. *Pope v. State*, 9 So.3d 620 (Fla. 1st DCA 2009) (Table) (copy at Ex. T).

On October 21, 2008, petitioner filed another state habeas petition in the First DCA. (Ex. U). The First DCA denied the petition on December 3, 2008, citing Fla. R. App. P. 9.141(c)(5)(C), and *Pope v. State*, 988 So.2d 1998 (Fla. 1st DCA 2008). *Pope v. State*, 996 So.2d 241 (Fla. 1st DCA 2008) (copy at Ex. W).

Petitioner filed his federal habeas petition in this Court on June 16, 2009. (Doc. 1). The petition raises four grounds for relief. Respondent argues the petition is without merit and should be denied. (Doc. 18).

## DISCUSSION

Standard of Review

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. Section 2254(d) provides, in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[4]  The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. *Thaler v. Haynes*, — U.S. —, 130 S.

---

[4]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law.  The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent.  Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)]  does not require citation to our cases – indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.").  If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim.  *See Panetti v. Quarterman*, 551 U.S. 930, 127 S. Ct. 2842, 2858, 168 L. Ed. 2d 662 (2007).

If the state court decision is not contrary to clearly established federal law, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court.  *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737-38, 159 L. Ed. 2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).  An objectively unreasonable application of

federal law occurs when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court, however, may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. *Knowles v. Mirzayance*, 556 U.S. 111, 129 S. Ct. 1411, 1419, 173 L. Ed. 2d 251 (2009).

When faced with a state appellate court's summary affirmance of a trial court's decision, the "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011) (citing *Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011)). The federal court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior Supreme Court decision. *See Richter*, 131 S. Ct. at 786; *see also Gill*, 633 F.3d at 1292 (holding that the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts). In sum, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement."
*Richter*, 131 S. Ct. at 786-87.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the
merits in state court where that adjudication "resulted in a decision that was based on
an unreasonable determination of the facts in light of the evidence presented in the
State court proceeding."   28 U.S.C. § 2254(d)(2).   As with the "unreasonable
application" clause, the federal court applies an objective test.   *Miller-El v. Cockrell*,
537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (holding that a
state court decision based on a factual determination "will not be overturned on
factual grounds unless objectively unreasonable in light of the evidence presented in
the state court proceeding.").   The "unreasonable determination of the facts" standard
is implicated only to the extent the validity of the state court's ultimate conclusion is
premised on unreasonable fact finding.   *See Gill*, 633 F.3d at 1292.

When performing review under § 2254(d), the federal court presumes that all
factual determinations made by the state court are correct.  28 U.S.C. § 2254(e)(1).
The petitioner bears "the burden of rebutting the presumption of correctness by clear
and convincing evidence."   *Id.*; *see, e.g., Miller-El*, 537 U.S. at 340 (explaining that
a federal court can disagree with a state court's factual finding and, when guided by
AEDPA, "conclude the decision was unreasonable or that the factual premise was
incorrect by clear and convincing evidence").   Neither the Supreme Court nor the
Eleventh Circuit has interpreted how § 2254(d)(2) and §2254(e)(1) interact in the
context of fact-based challenges to state court adjudications.   *Cave v. Sec'y for Dep't
of Corr.*, 638 F.3d. 739 (11th Cir. 2011).   However, the Eleventh Circuit recently
declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate

court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." *Gill*, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. 930, 127 S. Ct. 2842, 2858. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S. Ct. at 786.

Within this framework, the Court will review petitioner's claims.

Ground 1     "Trial Court Erred In Failing To Suppress Evidence; Counsel On Appeal
             Rendered Ineffective Assistance" (Doc. 1, p. 5)

Petitioner asserts that the trial court erroneously suppressed only a portion of the evidence seized pursuant to petitioner's unlawful arrest – petitioner's inculpatory statements. Petitioner asserts that the trial court should have suppressed other evidence (the cocaine sold to the Confidential Informants (CIs) by petitioner's co-defendant Mr. Holley, Mr. Holley's testimony, and the CIs' testimony), and that appellate counsel was ineffective for failing to challenge the trial court's ruling on direct appeal. (Doc. 1, p. 5). Petitioner argues that the "other evidence" should have been suppressed because: (1) the cocaine was not in petitioner's actual or constructive possession, and (2) petitioner's arrest was unlawful and thus "any evidence attributed to Petitioner was incident to an unlawful arrest and inadmissible."

(Doc. 1, Mem., p. 4).

Respondent argues that to the extent petitioner challenges the trial court's ruling on petitioner's motion to suppress, federal habeas review is barred by the doctrine of procedural default  (because petitioner did not challenge the ruling on direct appeal or on collateral review), and by the *Stone v. Powell* doctrine.  (Doc. 18, pp. 5-6, 17-18); *see Stone v. Powell*, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052, 49 L. Ed. 2d 1067 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.") (footnotes omitted).  To the extent petitioner challenges appellate counsel's failure to argue the suppression issue on appeal, the claim is without merit.  (*Id.*, pp. 17-21).  Petitioner's reply brief clarifies that this claim is purely one of ineffective assistance of appellate counsel.  (Doc. 24, pp. 20-26).

A substantive Fourth Amendment claim is separate and distinct from an ineffective assistance claim based on the substantive claim.  *Pietri v. Fla. Dep't of Corr.*, 641 F.3d 1276, 1289 (11th Cir. 2011) (holding that substantive claim was "separate and distinct" from ineffective assistance claim based on the substantive claim) (citing *LeCroy v. Sec'y for Fla. Dep't of Corr.*, 421 F.3d 1237, 1260 n.24 (11th Cir. 2005) (same)).  In light of petitioner's clarification in his reply, and because petitioner would be barred from litigating his substantive Fourth Amendment claim in this Court due to the doctrines of procedural default and *Stone v. Powell*, the Court will review only the ineffective assistance issue.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842–45, 119 S. Ct. 1728, 1731-33, 144 L. Ed. 2d 1 (1999) (holding that in

order for a claim to be exhausted, the petitioner must invoke one complete round of the State's established appellate review process); *Stone v. Powell*, *supra*.

    A.    Clearly Established Federal Law

    The United States Constitution guarantees every criminal defendant the right to effective assistance of counsel, both at trial and on a first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 396-97, 105 S. Ct. 830, 836-37, 83 L. Ed. 2d 821 (1985). To show a violation of the right to effective assistance of counsel, petitioner must establish two elements. "First, the defendant must show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In assessing performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689, 104 S. Ct. at 2065 (quotation marks omitted). In the context of appellate counsel's performance, the Supreme Court has clarified that nothing in the Constitution or the Court's interpretation of that document requires appellate counsel to raise every colorable claim that the defendant requests. *Jones v. Barnes*, 463 U.S. 745, 754, 103 S. Ct. 3308, 3314, 77 L. Ed. 2d 987 (1983) (holding that appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal).

    "Second, the defendant must show that the deficient performance prejudiced the defense." *Id*. at 687, 104 S. Ct. at 2064. To establish prejudice, petitioner must allege more than simply that counsel's conduct might have had "some conceivable effect on the outcome of the proceeding." *Id*. 466 U.S. at 693, 104 S. Ct. at 2067. Instead, the petitioner must show a reasonable probability exists that, "but for

counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694, 104 S. Ct. at 2068.

When a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. *Strickland*, 466 U.S. at 698, 104 S. Ct. at 2070; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999). "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, — U.S. —, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Richter*, 131 S. Ct. at 788. As the *Richter* Court explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id*. (citations omitted).

B.     Federal Review of State Court Decision

Petitioner raised this ineffective assistance of appellate counsel claim in his first state habeas petition. (Ex. O, pp. 3-9). The state court denied relief in a one sentence opinion: "The petition alleging ineffective assistance of appellate counsel is denied on the merits." (Ex. Q). Because both this claim and the following claim (Ground 2) involve counsel's  failure to challenge the trial court's ruling on

petitioner's motion to suppress, a brief summary of the suppression proceeding is provided.

Prior to trial, petitioner filed a *pro se* "Motion to Suppress Statements Illegally Obtained," (ex. B, pp. 6-10), which trial counsel later adopted (ex. D, pp. 288-90). Petitioner contended that his arrest was illegal and that his inculpatory statements made after his arrest should be suppressed as "fruit of the poisonous tree." (*Id.* and Ex. B, pp. 42-44, 72-78). The trial court held a hearing. (Ex. D, pp. 280-325; Ex. B, pp. 42-96). Defense counsel argued:

> In short, based on what the officers could reasonably say, they did not have probable cause to arrest Mr. Pope at the time they actually seized him and anything obtained from Mr. Pope, specifically his alleged statement to the Officer Vlack at a later time, should be suppressed. I realize this doesn't affect anything that Mr. Holley [petitioner's co-defendant] may have said because he was properly seized, and presumably, he's going to testify supposedly about any statements that he may have made. But as to my client, it's our position that his statements were unlawfully obtained because the seizure was unlawful.

(Ex. B, p. 78). In closing, counsel argued:

> MR SELLERS [defense counsel]: Judge, we may be able to shorten some of it up. Our whole contention in this case – my client has contended at the outset that he didn't make a confession that has been alleged by the police officers. That's a question of fact. It really is more properly left up to the triers of fact.
>
> It's our position in this case that really the only thing of importance as it relates to the defendant and anything obtained from him is whether or not he was lawfully arrested, which would apply to everything that was within the officers' knowledge up to the time that my client was seized. Anything – I mean, we'll stipulate that Officer Vlack – if the State wants – that Officer Vlack will testify that my client

gave her incriminating statements about his involvement in this – in this – in this matter.  I'm not agreeing that my client made them because my client has said he didn't.

But for purposes of what we're here for today, though, it's our contention that he was illegally seized at the moment he was ordered out of the car and taken into custody, that there was not probable cause to believe he had committed a crime at that point, and so anything obtained after him [sic] afterwards is subject to being suppressed.

(Ex. B, pp. 43-44).  The trial court ruled:

It does not appear there was probable cause to arrest Mr. Pope at the time[,] given the information that was in the minds of the law enforcement officers.  And I say that with caution because I haven't seen the case that says where confidential informants who have volunteered – who have acknowledged that they're dope users and dealer, who volunteer to assist law enforcement officers, and who say something like the same guy always appears with him and our dealer tells us that that's his supplier, and then this person shows up – or then a person shows up in the car without the law enforcement officers knowing that this is the same person that's previously – whether that establishes probable cause to arrest that person who is involved as the supplier in this case because a person always came previously and that person was always the supplier.

So I don't have that case.  I don't know that that case exists.  So it appears that there is a deficiency of probable cause.  The question then becomes as he [defense counsel] correctly point [sic] out, I think, and that is:  Okay.  Under the circumstance, can law enforcement take into custody the person who rides in the car with the drug dealer, who has the drugs in his right hand, and under reasonable suspicion they may be involved until they can sort it all out?  And that's the matter that you suggested that you wanted to do some research and provide something to me, and you'll be given an opportunity to do that. Those are the facts of the case as I see it.  If I'm incorrect, now is the time to correct the facts.

>        If the Court does find that there was an illegal detention, that it
> exceeded the bounds of the Fourth Amendment, then the most it would
> do, as I understand it, would preclude any inculpatory statements made
> by Mr. Pope.  It doesn't affect any  statements – it doesn't affect any
> evidence obtained by anybody else.  It doesn't suppress the contraband.
> It doesn't suppress the money.  It doesn't keep the CIs from testifying.
> It doesn't' keep Mr. Holley from testifying.  It would solely go to any
> evidence seized directly from Mr. Pope as a result.

(Ex. B, pp. 94-96).  After receiving all evidence and arguments, the trial court issued a written order providing, in relevant part:  "Defendant's Motion to Suppress is hereby granted as to the Defendant's custodial statements after he was illegally seized by the law enforcement officer.  It is specifically noted that this does not result in the suppression of the contraband or of the statements of other defendants."  (Ex. B, p. 114).  Defense counsel did not object to this ruling.  During trial, defense counsel did not object on Fourth Amendment grounds to the cocaine, Mr. Holley's testimony, or the CIs' testimony.  (Ex. C).

Petitioner faults appellate counsel for failing to argue on appeal that the trial court erred by not suppressing the cocaine, Mr. Holley's testimony, and the CIs' testimony.  Even assuming, without deciding, that the issue was properly preserved, the state appellate court reasonably could have rejected petitioner's claim on the grounds that petitioner's proposed argument had no reasonable likelihood of success.

Petitioner argues that the cocaine was subject to suppression, because there was nothing linking the cocaine to him – it was not found in his actual or constructive possession.  However, there was evidence linking the cocaine to petitioner.  Mr. Holley, petitioner's co-defendant, testified that the cocaine he (Holley) sold to the CIs came directly from petitioner.  (Ex. C, pp. 46-53).  Although petitioner contends Mr. Holley was not credible, that was an issue for the trier of fact.

Petitioner also argues that the cocaine, Mr. Holley's statements, and the CIs' statements were subject to suppression, because this evidence was obtained after petitioner was unlawfully arrested and was therefore "fruit" of petitioner's unlawful arrest.  The record demonstrates that this evidence was not the fruit of petitioner's illegal arrest, it was the fruit of independent sources – Mr. Holley's legal arrest, the CIs' independent statements, and the CIs' untainted identification of petitioner. (Exs. C, D).  The independent source doctrine allows admission of evidence that was discovered by means wholly independent of the constitutional violation. *Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 40 S. Ct. 182, 64 L. Ed. 319 (1920); *see also, e.g., United States v. Crews*, 445 U.S. 463, 100 S. Ct. 1244 63 L. Ed. 2d 537 (1980) (holding that in-court identification of defendant by victim did not have to be suppressed as fruit of defendant's unlawful arrest where robbery victim's presence in courtroom was not product of any police misconduct and where illegal arrest did not infect victim's ability to give accurate identification testimony).

The state court's rejection of petitioner's ineffective assistance claim was not contrary to *Strickland*, did not involve an unreasonable application of *Strickland*, and was not based on an unreasonable determination of the facts.  Petitioner is not entitled to federal habeas relief.

Ground 2     "Trial Counsel Rendered Ineffective Assistance In Failing To Properly Preserve Partial Suppression By Contemporaneous Objection."  (Doc. 1, p. 6)

Petitioner claims trial counsel was ineffective for failing to properly preserve the issue of the admissibility of the cocaine by failing to object at the time the cocaine was offered into evidence.  (Doc. 1, p. 6 and Mem., pp. 1,3).  Petitioner proposes two bases for objection:  (1) the cocaine was not in petitioner's actual or constructive

possession, and (2) because petitioner's arrest was unlawful, the cocaine should have been suppressed.  (Doc. 1, Mem., pp. 1-3).  The parties agree that petitioner raised this claim in his first Rule 3.850 motion.  Respondent argues that the state court's rejection of the claim was consistent with *Strickland*.  (Doc. 18, pp. 11-17).

A.      Clearly Established Federal Law

The clearly established Federal law governing claims of ineffective assistance of counsel is set forth above.

B.      Federal Review of State Court Decision

Petitioner's Rule 3.850 motion asserted that trial counsel was ineffective for stipulating to the introduction of the drug evidence.  (Ex. J, pp. 18-20).   The Rule 3.850 court identified *Strickland* as the controlling legal standard (*id*., p. 29), and denied relief, explaining:

> Defendant next claims that his counsel was ineffective for failing to make a  motion to suppress the cocaine.  However, this issue has already been addressed at a <u>Nelson</u> hearing.
>
> If the testimony at a <u>Nelson</u> hearing fully addresses a defendant's claim, then the motion may be summarily denied.  <u>See</u> <u>Brown v. State</u>, 770 So. 2d 1285 (Fla. 3d DCA 2000).
>
> Defendant's claim is also refuted by the record.  Defendant's counsel argued a motion to suppress before the Court, which included arguments to suppress Defendant's statements along with the cocaine.  The Court, after hearing the argument and reviewing the motion to suppress, ordered that Defendant's confession be suppressed; however, the Court specifically noted that the cocaine would not be suppressed.  Further, Defendant's claim that his counsel did not adequately argue his motion to suppress was also addressed by the Court at a <u>Nelson</u> hearing, and the Court determined that Defendant's counsel did not perform deficiently when he argued Defendant's motion to suppress.

Consequently, Defendant's third claim of relief is denied.

(Ex. J, pp. 31-32) (footnotes omitted).

The respondent has provided a copy of the record of the *Nelson*[5] hearing referenced by the Rule 3.850 court.  After the verdict but before sentencing, petitioner sent a letter to the judge complaining that defense counsel was ineffective for, among other things, failing to file a supplemental or additional motion to suppress the cocaine.  (Ex. B, pp. 206-08).  The trial court held a hearing and gave petitioner an opportunity to air his complaints.  (Ex. B, pp. 120-204).  Petitioner complained that defense counsel failed to file the additional motion, but did not indicate the grounds for the motion.  (Ex. B, pp. 137, 154-56).  Defense counsel clarified that petitioner asked counsel to file an additional motion to suppress the cocaine on the grounds that there was no evidence that the cocaine was ever in petitioner's actual or constructive possession.   Counsel stated that he did not file the motion because petitioner's proposed argument lacked an arguable basis in the law.  Counsel explained:

> As for the motion to suppress, he's [petitioner] completely wrong about the law.  He has a number of cases that I've discussed with him and told him he was wrong about.  He's reading the literal wordings of the cases that deal with constructive possession issues.  This, yes, was a constructive possession issue.  Unfortunately, he elected to overlook

---

[5]*Nelson v. State*, 274 So.2d 256 (Fla. 4th DCA 1973) (holding that where the defendant, before commencement of the trial, requests discharge of his court-appointed counsel, the trial judge should make an inquiry of the defendant as to the reason for the request and, if incompetency of counsel is assigned as the reason, should make a sufficient inquiry of the defendant and his appointed counsel to determine whether there is cause to believe that counsel is not rendering effective assistance to the defendant, and if reasonable cause for such belief appears, the trial judge should make a finding to that effect on the record and appoint substitute counsel who should be allowed adequate time to prepare a defense, but if no reasonable basis for such belief appears, the trial judge should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute).

the fact that his codefendant testified that he got the cocaine from Mr. Pope.  That is – that is a significantly different issue than a constructive possession case, all of which he cited, which dealt with drugs that were found inside the vehicle where there was more than one person and none of them acknowledged ownership of the drugs.  I told him that I was not going to file that motion because, as a lawyer, I did not have a legal belief in it different from my belief with his motion to suppress the statement because I felt that that was an appropriate motion to file.  So despite the fact that he wanted to file it, I really didn't care, because he hired me as a lawyer, I knew he was wrong on the issue, and I could not in good faith as an officer of the court file a motion that I knew did not have merit.

(Ex. B, pp. 160-62).  The trial judge found there was no reasonable basis to believe counsel was not rendering effective assistance.  (*Id*., pp. 182-83).

The state appellate court summarily affirmed the denial of postconviction relief.  When faced with a state appellate court's summary affirmance of a trial court's decision, the "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it.  *See Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011) (citing *Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011)).  The federal court determines what arguments or theories supported or could have supported the state court's decision, and then asks whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior Supreme Court decision.  *See Richter*, 131 S. Ct. at 786; *see also Gill*, 633 F.3d at 1292 (holding that the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the

facts).

As discussed previously in Ground 1, contrary to petitioner's contention there was evidence linking the cocaine to petitioner – Mr. Holley's statement that petitioner was the one who gave him the cocaine that was the subject of the drug transaction. (Ex. D, p. 310; Ex. C, pp. 46-53).  On this basis, the state appellate court reasonably could have concluded that defense counsel was not deficient for failing to file the additional motion, and that petitioner was not prejudiced by counsel's failure to preserve the suppression issue because petitioner's proposed basis for suppression was without merit and had no likelihood of success in the trial court or on appeal.

The state court's rejection of petitioner's ineffective assistance claim was not contrary to *Strickland*, did not involve an unreasonable application of *Strickland*, and was not based on an unreasonable determination of the facts.  Petitioner is not entitled to federal habeas relief.

Ground 3    "Trial Counsel Failed To Preserve Sufficiency Of The Evidence Claim By Proper JOA."  (Doc. 1, p. 6)

Petitioner claims trial counsel was ineffective for failing to move for judgment of acquittal on the grounds that the evidence failed to show petitioner trafficked in cocaine and instead merely showed petitioner's presence at the drug transaction. (Doc. 1, p. 6 and Mem., pp. 6-9).  Petitioner asserts that the State's case against him was "purely circumstantial," but acknowledges that his co-defendant (Mr. Holley) testified that petitioner was the one who supplied the cocaine for Holley's drug sale to the CIs.  (Doc. 1, Mem, p. 7).  Petitioner also acknowledges that "the judge found that the co-defendant [Mr. Holley] was telling the truth, and found one of the CIs to be credible."  (Doc. 1, Mem, p. 8).  Petitioner nonetheless argues that even if taken as true, that evidence was insufficient to establish the element of trafficking.  (Mem.,

p. 8).  Petitioner asserts he was prejudiced by counsel's conduct, because "there is a very substantial likelihood that the Trial Court would have granted a well-pled and artful entitlement to acquittal, [and] the failure to grant the motion would have nevertheless been preserved for appellate review."  (Mem., p. 9).  The parties agree that petitioner raised this claim in his first Rule 3.850 motion.  Respondent argues that the state court's rejection of the claim was consistent with *Strickland*.  (Doc. 18, pp. 21-25).

A.      Clearly Established Federal Law

The clearly established Federal law governing ineffective assistance claims is set forth above.

B.      Federal Review of State Court Decision

Petitioner raised this issue in his first Rule 3.850 motion.  (Ex. J, pp. 4-9).  The Rule 3.850 court denied relief as follows:

> Defendant first claims that his counsel was ineffective in failing to make a motion for judgment of acquittal at "critical times during the trial proceeding."  Defendant recaps some of the trial testimony and argues that his counsel should have "(1) provided a competent summary of the circumstantial evidence presented by the State; and (2) summarized the discrepancies noted in each of the witnesses' testimony to present a competent challenge to the State's case."  Defendant argues he was prejudiced by this error because the argument that the verdict was contrary to the weight of the evidence was not preserved for appellate review.
>
> A defendant is not entitled to relief where the record clearly refutes his claim.  See Kimbrough v. State, 886 So. 2d 965 (Fla. 2004).
>
> Defendant has not established deficient performance or prejudice. The record refutes Defendant's claim that his attorney did not provide a competent summary of the circumstantial evidence presented by the

Case 3:09-cv-00261-MCR-CJK   Document 31   Filed 02/23/12   Page 21 of 26

Page 21 of 26

> State. Defendant's attorney made a lengthy argument to the Court, in which he pointed out the weaknesses and various inconsistencies in the State's case. Further, Defendant does not claim that a motion for judgment of acquittal would have been granted as a result of counsel's error, but argues only that his appellate issues were limited by counsel's error. However, contrary to Defendant's assertion, the issue of the sufficiency of the evidence was raised and rejected on appeal by the First District Court of Appeal. Therefore, Defendant's first claim is denied.

(Ex. J, pp. 29-30) (footnotes omitted). The state appellate court summarily affirmed.

The state appellate court reasonably could have concluded that petitioner failed to establish he was prejudiced by trial counsel's failure to move for judgment of acquittal, because even if counsel had moved for JOA, there is no reasonable likelihood that the motion would have been granted, or if denied, that petitioner's conviction would have been overturned on appeal for lack of sufficient evidence. Florida law provides: "A motion for judgment of acquittal "should only be granted if there is no view of the evidence from which a jury could make a finding contrary to that of the moving party. *Jeffries v. State*, 797 So.2d 573, 580 (Fla. 2001) (citations omitted). In moving for judgment of acquittal, a defendant "admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer form the evidence." *Beasley v. State*, 774 So.2d 649, 657 (Fla. 2000) ( quoting *Lynch v. State*, 293 So.2d 44, 45 (Fla. 1974)). In order to find petitioner guilty of trafficking in cocaine in violation of Fla. Stat. § 893.135(1)(b)1a, the State was required to prove the following elements beyond a reasonable doubt: (1) that petitioner knowingly sold, purchased, manufactured, delivered, imported, or actually or constructively possessed a certain substance, (2) that the substance was cocaine, (3) that the quantity of cocaine

*Case No: 3:09cv261/MCR/CJK*

was 28 grams or more, and (4) that petitioner knew the substance was cocaine. *See State v. Dominguez*, 509 So.2d 917 (Fla. 1987).

Petitioner's argues that the State failed to prove the first element – trafficking. Although petitioner asserts that the State's case against him was "purely circumstantial," the evidence presented at trial was not strictly "circumstantial." Petitioner's co-defendant Mr. Holley testified that he (Holley) was contacted by Mr. Purifoy (one of the CIs) on December 11, 2003. (Ex. C, p. 47). Mr. Purifoy wanted to purchase an ounce-and-a-half of cocaine. (*Id.*, pp. 47-48). Mr. Holley did not have cocaine in his possession, and had to go to petitioner's house to get it. (*Id.*, p. 49). Petitioner lived six or seven blocks from the gas station at the corner of Olive Road and Briese. (*Id.*). Mr. Holley went to petitioner's house, but petitioner was not there. (*Id.*, p. 50). Mr. Holley called petitioner and told him what he needed for the drug sale to Mr. Purifoy. (*Id.*, p. 51). Petitioner told Holley to meet him at petitioner's house. (*Id.*). Mr. Holley went back to petitioner's house, made contact with petitioner, and told petitioner to give him (Holley) the cocaine so he could take it to the buyer. (*Id.*). Petitioner refused to give Holley the cocaine and said he would ride with Holley. (*Id.*). Mr. Holley and petitioner rode to the gas station in Mr. Holley's car. (*Id.*, pp. 51-52). Petitioner gave the cocaine to Mr. Holley, and Holley then went and sat in Mr. Purifoy's car and sold the cocaine to Mr. Purifoy. (*Id.*, p. 52). Mr. Holley testified that he obtained "about an ounce-and-a-half" of cocaine from petitioner. (*Id.*). When Mr. Holley got into Mr. Purifoy's car, Holley ripped one of the bags of cocaine in order to keep some cocaine for himself: "I had took one bag and poured some [cocaine] in the other corner of the bag and tore it off and stuck it in my sock, and gave him [Purifoy] the rest of it." (*Id.*). Mr. Holley clarified that he

gave Mr. Purifoy two bags of cocaine.  (*Id*., p. 53).  The two bags Mr. Purifoy received from Mr. Holley weighed a total of 33.5 grams.  (*Id*., p. 108).

Mr. Holley's testimony provided direct evidence that petitioner knowingly possessed more than 28 grams of cocaine, that petitioner handed that cocaine to Mr. Holley so that Holley could sell it to Mr. Purifoy, and that Holley then sold the cocaine to Mr. Purifoy.  The trier of fact found Mr. Holley to be credible.  At the *Nelson* hearing held after the verdict, the trial court said:

> [D]espite [defense counsel's] position that he didn't see how Mr. Holley could be believed, despite your [petitioner's] position that Mr. Holley was just lying, I believed what Mr. Holley was saying about the drug transaction was true.  I found Ms. Smith [one of the CIs] to be much more credible than Mr. Purifoy.  I didn't find Mr. Purifoy to be very credible at all, quite frankly, but all of the testimony, all of the evidence taken together convinced me that you did participate in this transaction by supplying this cocaine.  It was an amount that established a trafficking amount.

(Ex. B, p. 178).  Based on Mr. Holley's testimony, a rational fact finder could find the element of trafficking beyond a reasonable doubt.

The state court's rejection of petitioner's ineffective assistance claim was not contrary to *Strickland*, did not involve an unreasonable application of *Strickland*, and was not based on an unreasonable determination of the facts.  Petitioner is not entitled to federal habeas relief.

<u>Ground 4</u>      "Appellate Counsel Rendered Constitutionally Defective Assistance In Failing To Raise Trial Court's Erroneous Finding Of Guilt." (Doc. 1, p. 7)

Petitioner claims appellate counsel was ineffective for failing to raise the sufficiency of the evidence issue on appeal.  (Doc. 1, p. 7 and Mem., pp. 9-13).  Petitioner acknowledges that trial counsel failed to preserve the issue through a

motion for JOA, but argues that appellate counsel should have raised the claim anyway as fundamental error.  (Mem., p. 10).  Petitioner essentially repeats the arguments made in the previous ground – that there was insufficient evidence that he sold, purchased, manufactured, delivered, brought into the State, or was knowingly in actual or constructive possession of the cocaine involved in Mr. Holley's drug transaction with the CIs.  Petitioner argues that simply supplying cocaine does not violate the statute.  (Mem., p. 11).  The parties agree that petitioner raised this claim in his state habeas petition.  Respondent argues that the state court's rejection of the claim was consistent with *Strickland*.  (Doc. 18, pp. 26-29).

      A.    Clearly Established Federal Law

The clearly established Federal law governing claims of ineffective assistance of counsel is set forth above.

      B.    Federal Review of State Court Decision

Petitioner raised this ineffective assistance of appellate counsel claim in his first state habeas petition.  (Ex. O).  The state court denied relief in a one sentence opinion:  "The petition alleging ineffective assistance of appellate counsel is denied on the merits."  (Ex. Q).

In light of the evidence discussed in Ground 3 above, the state appellate court reasonably could have concluded that petitioner failed to establish he was prejudiced by appellate counsel's failure to challenge the sufficiency of the evidence on appeal, because petitioner's proposed argument had no reasonable likelihood of success on appeal.  The state court's rejection of this ineffective assistance claim was not contrary to *Strickland*, did not involve an unreasonable application of *Strickland*, and was not based on an unreasonable determination of the facts.  Petitioner is not entitled

to federal habeas relief.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1. The clerk shall change the docket to reflect that Kenneth S. Tucker has been substituted as respondent in this cause.

2. Because it appears that petitioner was released on November 28, 2011, the

clerk shall mail a copy of this Report and Recommendation to petitioner's address of record and to the following address:  299 E. Broward Blvd, #312, Fort Lauderdale, FL 33301 (the release address indicated on the Department of Corrections' website).

And it is respectfully RECOMMENDED:

1.   That the petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. Charles Randall Pope* in the Circuit Court for Escambia County, Florida, Case No. 03-5974 be DENIED, and the clerk be directed to close the file.

2.   That a certificate of appealability be DENIED.

At Pensacola, Florida this 23rd day of February, 2012.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**



<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).